## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                          **Case # 3:07CR135-001/RV**

**ARMANDO CARDON-CORTEZ**
a/k/a **Vatto**

**USM # 06875-017**

**Defendant's Attorney:**
**George F. Murphy, Esquire, (Appointed)**
**1173 North Bayshore Drive**
**Valparaiso, FL 32580**

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1, 2, 3, 4, 5, 6, and 7, of the Superseding Indictment on February 15, 2008. Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), (b)(1)(B)(vii) and 846 | Conspiracy to Distribute and Possess with Intent to Distribute Five (5) Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine and Fifty (50) Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine | November 5, 2007 | One |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 2 | Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine and a Mixture and Substance Containing a Detectable Amount of Methamphetamine | November 4, 2007 | Two |
| 18 U.S.C. §§ 924(c)(1) and 2 | Possession of a Firearm in the Commission of a Drug Trafficking Offense | November 4, 2007 | Three |
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) and (b)(1)(B)(viii) | Possession with Intent to Distribute Five-Hundred (500) Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine and Fifty (50) Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine | November 5, 2007 | Four |

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  
3:07CR135-001/RV - ARMANDO CARDON-CORTEZ a/k/a Vatto

Page 2 of 7

| | | | |
|---|---|---|---|
| 18 U.S.C. §§ 924(c)(1) and 2 | Possession of a Firearm in the Commission of a Drug Trafficking Offense (2nd Subsequent Conviction | November 5, 2007 | Five |
| 18 U.S.C. §§ 922((g)(5)(A) and 924(a)(2) | Possession of a Firearm by an Illegal Alien | November 4, 2007 | Six |
| 18 U.S.C. §§ 922((g)(5)(A) and 924(a)(2) | Possession of a Firearm by an Illegal Alien | November 5, 2007 | Seven |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
May 15, 2008

ROGER VINSON
SENIOR UNITED STATES DISTRICT JUDGE

May 27, 2008

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case  Page 3 of 7
3:07CR135-001/RV - ARMANDO CARDON-CORTEZ a/k/a Vatto

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **235 months as to Counts 1, 2, and 4, each count to run concurrently, one with the other, a term of 120 months as to Counts 6 and 7, each count to run concurrently and concurrently with the sentences of incarceration for Counts 1, 2, and 4, a term of 60 months as to Count 3, to run consecutive to the sentences imposed on Counts 1, 2, 4, 6, and 7, and a term of 300 months as to Count 5 to run consecutive to all other Counts, for a total of 595 months.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:07CR135-001/RV - ARMANDO CARDON-CORTEZ a/k/a Vatto*   *Page 4 of 7*

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years as to Counts 1, 2, 3, 4, and 5 and 3 years as to Counts 6 and 7, said terms to run concurrently, one with the other**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation

Case 3:07-cr-00135-RV-CJK   Document 125   Filed 05/27/08   Page 5 of 7
FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                  Page 5 of 7
3:07CR135-001/RV - ARMANDO CARDON-CORTEZ a/k/a Vatto

    officer;

10.    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11.    The defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12.    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13.    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall cooperate with the probation department and/or the Immigration and Customs Enforcement agency regarding his immigration status and abide by all orders or instructions of the Immigration and Customs Enforcement agency. If deported, the defendant shall not reenter the United States without permission of the Attorney General of the United States or the Secretary of the Department of Homeland Security. Upon reentering the United States at any time during the term of supervision, he shall immediately report to the nearest U.S. Probation Office.

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case
3:07CR135-001/RV - ARMANDO CARDON-CORTEZ a/k/a Vatto

Page 6 of 7

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.


_____    _____
Defendant                                                                    Date


_____    _____
U.S. Probation Officer/Designated Witness                   Date

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $700.00 | Waived | $0.00 |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$700.00** is imposed.

### FINE

The fine was waived.

### RESTITUTION

No restitution imposed.