UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


UNITED STATES OF AMERICA

v.                                          Case Nos.    3:07cr135/RV/CJK
                                                         3:12cv186/RV/CJK

ARMAND CARDON-CORTEZ
_____/

<u>REPORT AND RECOMMENDATION</u>

   This matter is before the court upon Defendant's third amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law.  (Docs. 278, 279).  The Government has filed a response (doc. 286) and Defendant has filed a reply.  (Doc. 287).   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

<h1 style="text-align:center">PROCEDURAL BACKGROUND[1]</h1>

Defendant was charged in a seven count indictment with conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine and fifty (50) grams or more of methamphetamine (Count One), two substantive counts of possession with intent to distribute cocaine and methamphetamine (Counts Two and Four), two counts of carrying and possessing a firearm in furtherance of the drug trafficking offenses charged in Counts One and Four (Counts Three and Five), and two counts of being an illegal alien in possession of firearms (Counts Six and Seven). (Doc. 18). After a two-day trial, a jury found Defendant guilty as charged. (Doc. 82).

Defendant was sentenced on May 15, 2008 to a total term of 595 months imprisonment. His sentence was comprised of a term of 235 months imprisonment on Counts One, Two, and Four, concurrent terms of 120 months imprisonment on Counts Six and Seven, a consecutive term of 60 months imprisonment on Count Three, and a 300 month term of imprisonment on Count Five to run consecutively to the other counts. (Doc. 113).

Defendant appealed, and his attorney filed an *Anders* brief. On March 27, 2009, the Eleventh Circuit issued an opinion stating that its independent review of the entire record confirmed that there were no issues of arguable merit on appeal, and granting counsel's motion to withdraw. (Doc. 180). The mandate was recalled on December 22, 2009 after Defendant moved to reopen his appeal. (Doc. 184). On May 6, 2010, the appellate court re-issued the mandate and allowed counsel to

---

[1] Detailed statements of facts describing the offense conduct are set forth in the Government's recitation of the statement of the case, summarized largely from Defendant's Presentence Investigation Report, and will be set forth herein only as necessary.

Case Nos.: 3:07cr135/RV/CJK; 3:12cv186/RV/CJK

withdraw.  (Doc. 192).  The Supreme Court denied certiorari on October 13, 2011.
(Doc. 216).

      Before the denial of certiorari, Defendant filed an untitled motion in which he
complained about counsel's handling of his appeal.  (Doc. 211).  On October 13,
2011, the court ordered Defendant to file an amended § 2255 motion on the proper
court form, or to withdraw the previously filed motion.  (Doc. 215).  Defendant
appealed this order (doc. 217), and the Eleventh Circuit dismissed his appeal for lack
of jurisdiction on February 21, 2012.  (Doc. 230).  Defendant then moved, in March
of 2012, to "reinstate" his § 2255 motion.  (Doc. 233).  The court granted the request
only to the extent that Defendant would be permitted to file an amended § 2255
motion, as previously instructed, within 30 days.  (Doc. 234).  Defendant moved to
withdraw his § 2255 motion, presumably referring to document 211, his untitled
motion (doc. 241), and the district court denied the motion, noting that there was no
pending § 2255 motion to withdraw.  (Doc. 243).

      Defendant filed a § 2255 motion on the proper court form in April of 2012
(doc. 246), followed by an amended § 2255 motion in May of 2012.  (Doc. 253).
Multiple other motions were denied (*see* docs. 254–262) before  Defendant filed a
memorandum in support of his § 2255 motion.  (Doc. 263).  The court issued three
orders regarding the lack of service copy (docs. 264, 266, 268) and finally entered an
order directing Defendant to file a second amended § 2255 motion, or a service copy
of his previous submissions, or payment for the clerk to make a copy thereof.  (Doc.
270).   Defendant filed a second amended motion to vacate, a supporting
memorandum of law, and a motion for summary judgment (docs. 271–273), after
which he was again directed to amend or provide a service copy of same.  (Doc. 274).

Defendant complied with this order, submitting the third amended § 2255 motion and memorandum of law currently pending before the court.[2]

Defendant raises ten grounds for relief in his third amended § 2255 motion. The enumerated grounds include nine substantive grounds for relief and a claim that counsel was constitutionally ineffective for his failure to pursue or argue each of these issues. The Government contends that Defendant's substantive claims are procedurally barred and that his ineffective assistance of counsel claims are conclusory and hence without merit.

## LEGAL ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception

---

[2] The background set forth herein is meant to be illustrative of the leniency afforded to the Defendant in permitting him to pursue collateral relief despite his repeated failure to follow the court's instructions.

Case Nos.: 3:07cr135/RV/CJK; 3:12cv186/RV/CJK

recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual

prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted).  To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.  A meritorious claim of ineffective assistance of counsel can constitute cause.  *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d, 1, 8 (11th Cir. 2012).  In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.  *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir.2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't*

*of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).  Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.  *Strickland*, 466 U.S. at 689.  To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.  When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."  *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  "The likelihood of a different result must be substantial, not just conceivable."  *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364,

369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010).  A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).  Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.  *Glover v. United States*, 531 U.S. 198, 203–04 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.  *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  *Chandler*, 218 F.3d at 1313.  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the

circumstances as defense counsel acted.  *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"  *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).  The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence.  *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983).  A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.  *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada*, 941 F.2d at 1559; *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted).  Likewise, affidavits that

amount to nothing more than conclusory allegations do not warrant a hearing.  *Lynn*, 365 F.3d at 1239.

Claim One

Defendant's first claim relies upon his view of the Fourth Amendment. Defendant contends that evidence amounting to fruit of an unlawful search and seizure was used against him.  On his § 2255 motion form,  he contends that federal agents never provided him a copy of the search warrant before searching his property. (Doc. 278 at 3).  Although the lack of detail prevents meaningful analysis of this claim, Defendant's memorandum identifies four different perceived Fourth Amendment violations.

First, Defendant complains about agents' installation of a GPS device on his vehicle after co-conspirator Amber Girard identified the vehicle to law enforcement. (Doc. 279 at 7–8).   Defendant acknowledges that at the time of his suppression hearing, a challenge to this sort of search was foreclosed by *United States v. Hernandez*, 647 F.3d 216 (5th Cir. 2011).  It was only later that the Supreme Court ruled in *United States v. Jones*, 132 S.Ct. 945 (2012), that attachment of a GPS tracking device to a vehicle and use of that device to monitor the vehicle's movements on public streets was a search within the meaning of the Fourth Amendment.  Second, Defendant  appears to complain about his car being searched "five minutes after" his arrest on November 5, 2007.  (Doc. 279 at 10).   Third, he complains that agents violated his Fourth Amendment rights when they opened the locked room he rented at the apartment of Shannon Reed and George Moran after Ms. Reed identified the room as where "Alphonso [sic][3] lives."  (*Id*. at 11).  Finally,

---

[3] The PSR indicates that the room was known as "Vatto's room."  PSR ¶ 19.

Case Nos.: 3:07cr135/RV/CJK; 3:12cv186/RV/CJK

Defendant appears to contend that federal agents should not have been permitted to use information obtained by state law enforcement officers during the execution of a state search warrant.  (*Id*. at 12).

Defendant's Fourth Amendment claims are procedurally barred because they could have been raised earlier.  *See Lynn*, 365 F.3d at 1234–35; *Bousley*, 523 U.S. at 621; *McKay*, 657 F.3d at 1195.  To the extent Defendant claims that he can circumvent the procedural bar because counsel was constitutionally ineffective for his failure to raise these issues, Defendant is not entitled to relief.

When counsel's alleged ineffectiveness involves a failure to competently litigate a Fourth Amendment claim, in order to demonstrate actual prejudice, the defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.  *Kimmelman v. Morrison*, 477 U.S. 365, 375, 106 S. Ct. 2574, 2582–83, 91 L. Ed. 2d 305 (1986); *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260 (11th Cir. 2006).  Regardless of whether a defendant's guilt is established by the excludable evidence, the proper question is whether the outcome of the proceedings would have been different had the motion to suppress been filed and the evidence been excluded.  *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000); *Huynh v. King*, 95 F.3d 1052, 1058–59 (11th Cir. 1996); *Thomas v. Newsome*, 821 F.2d 1550, 1552 (11th Cir. 1987); see also *Ward v. Dretke*, 420 F.3d 479, 488 (5th Cir. 2005).  Defendant has failed to show that any of the Fourth Amendment claims are meritorious.

With respect to his first claim, Defendant admits that controlling case law forecloses a successful claim.  Also, Defendant's suggestion that the searches of the

locked room he rented and of his vehicle were done without a warrant is belied by the record.  (*See* PSR ¶ 19).  After Defendant's landlords consented to a search of their portion of the premises, a narcotics dog alerted outside the door to Defendant's room. Law enforcement procured a state search warrant based on this alert.  (*Id*.).  Similarly, law enforcement obtained a state search warrant to search Defendant's vehicle after his arrest.   (*Id*.).   Finally, Defendant's claim that federal authorities are constitutionally prohibited from using evidence seized during the execution of a state search warrant in a federal prosecution has no foundation.  Having failed to show the existence of a meritorious Fourth Amendment claim, Defendant has also failed to show that counsel's performance was constitutionally ineffective or that he is entitled to relief.

Ground Two

Defendant's second ground for relief maintains the indictment improperly contained two counts charging violations of 18 U.S.C. § 924(c).   In support of his argument, Defendant cites *United States v. Hamilton*, 953 F.2d 1344, 1346 (11th Cir. 1992), in which the court held that "use of more than one gun during a single drug trafficking offense will not support multiple counts under § 924(c).  *See also United States v. Privette*, 947 F.2d 1259 (5th Cir. 1991) (multiple sentences under § 924(c) must be based on the number of drug trafficking offenses in which the guns were used, not the number of guns used in a single offense).  To the extent this claim is raised as a substantive claim of error, it is procedurally barred due to Defendant's failure to raise it on appeal.  As a claim of ineffective assistance of counsel, it is without merit.

Counsel is not ineffective for failing to preserve or argue a meritless claim. *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008); *see also Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

The case upon which Defendant relies, *Hamilton*, is readily distinguishable from Defendant's case.  The defendant in *Hamilton* was charged with a single drug trafficking offense– conspiracy–and the Government attempted to link three separate firearm charges to this single offense.  953 F.2d at 1346; *see also Privette*, *supra*.  In the case at bar, on the other hand, the § 924(c) charges in Counts Three and Five were each alleged to have occurred on a separate date, and were each temporally "linked" to a separate substantive charge of possession with intent to distribute. (Doc. 25, Counts Two and Four).  Therefore, *Hamilton* does not control, counsel was not constitutionally ineffective for his failure to raise this issue, and Defendant is not entitled to relief.

Ground Three

Pared to its essence, Defendant's third claim for relief is basically that the evidence was insufficient to support convictions on Counts Three and Five of the indictment, which charged him with possession of a firearm during and in relation to a drug trafficking crime.[4]   This claim was available on direct appeal and is procedurally barred.  To the extent it is raised as an ineffective assistance of counsel claim, it is without merit.

The facts as set forth in the PSR indicate that law enforcement discovered a red zippered bag containing both drugs and firearms on November 4, 2007 from a hotel room Defendant had occupied, and that on November 5, 2007, law enforcement recovered two kilograms of cocaine, $247,000 in U.S. currency and three firearms from inside Defendant's locked bedroom.  (PSR ¶¶ 22, 23).  Defendant argues that the "mere presence" of a gun is insufficient to support a § 924(c) conviction, and he appears to suggest that the firearms and drugs were not at all connected.  While Defendant is correct that some nexus must be proven, the evidence presented in this case was sufficient to support a jury finding that the firearms in question had "some

---

[4] "Where the language of a statute proscribes several means by which the defendant might have committed a violation, the government may plead the offense conjunctively and satisfy its burden of proof by any of the means."  *United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996) (citing *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989)); *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000); *United States v. Perez*, 350 F. App'x 425, 429 (11th Cir. 2009) (citing *Cornillie*); *see also United States v. Morales-Martinez*, 496 F.3d 356, 358 (5th Cir. 2007) ("[a] disjunctive statute may be pleaded conjunctively and proven disjunctively") (citing *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996)); *see also United States v. Dickey*, 102 F.3d 157, 164, n. 8 (5th Cir. 1996) (citation omitted, applying same rationale to indictment for violation of 924(c), which was pleaded in the conjunctive while the statute and jury charge were in the disjunctive).  That is, even if the defendant is charged with using and carrying a firearm, or in this case using and carrying and possessing, the government need only prove one means of violating the statute to sustain a conviction.  *Still*, 102 F.3d at 124.

Case Nos.: 3:07cr135/RV/CJK; 3:12cv186/RV/CJK

purpose or effect with respect to the drug trafficking crime." *See Smith v. United States*, 508 U.S. 223, 238 (1993). An argument otherwise would not have succeeded, and counsel was not constitutionally ineffective for his failure to challenge the sufficiency of the evidence supporting Defendant's convictions on Counts Three and Five.

Ground Four

In Defendant's fourth ground for relief, he asserts that the charges contained in Counts Two, Three and Five violated the constitutional prohibition against double jeopardy, and that it was impossible for him to "aid and abet himself." Defendant appears to claim that the fact that he was charged as both the principal and as an "aider/abettor" forms the basis for a double jeopardy violation. As authority for his position, Defendant cites *United States v. Martin*, 747 F.2d 1404 (11th Cir. 1984). In *Martin*, the court noted that 18 U.S.C. § 2 does not establish a separate crime of aiding and abetting, but that it is an alternative charge that permits a defendant to be found guilty as a principal for aiding or procuring someone else to commit the offense. *Martin*, 747 at 1407. The *Martin* court further stated that aiding and abetting need not be specifically charged in the indictment, but if the evidence supports it, an accused can be convicted of aiding and abetting upon proper instruction to the jury. *Id*.

As an initial matter, Defendant's apparent claim that he was charged with a non-existent crime could have been raised on appeal, and as such it is procedurally barred. Second, Defendant's claim, to the extent it can be discerned, is without merit. Defendant was not charged under the aiding and abetting statute in either Count Three or Count Five, and the jury instruction was in accordance with the indictment.

Conversely, Count Two of the indictment included a reference to 18 U.S.C. § 2, but the court did not instruct the jury on an aiding and abetting theory with respect to this count.  (*See* doc. 81).  Defendant has not shown a double jeopardy violation, and counsel was not constitutionally ineffective for failing to raise this meritless issue.

Ground Five

Defendant next asserts that his conviction of the charges in Counts Six and Seven was improper because he was never in possession of a firearm.  As proof thereof, he states that the weapons were seized "outside his presence."  This claim is both procedurally barred due to Defendant's failure to raise it on appeal, and without merit.

The jury was properly instructed on the legal definition of "possession," including the fact that it could convict Defendant if he had either actual or constructive possession of the weapons in question and regardless of whether it was sole or joint possession.  (Doc. 81 at 24).  The evidence  was sufficient to support Defendant's conviction in this case in accordance with this instruction, and counsel was not constitutionally ineffective for his failure to raise this issue.

Ground Six

Defendant's sixth ground for relief claims the sentence improperly includes drug amounts not found by the jury beyond a reasonable doubt.  Defendant appears to suggest that the court, in fashioning the sentence, considered drug quantities in excess of those specifically found by the jury.  Again, this issue is procedurally barred and, raised as an ineffective assistance of counsel claim, without merit.

Defendant was held accountable for 8335.2 grams of cocaine powder and 173 grams of methamphetamine.  (PSR ¶ 34).  The verdict form reflects that the jury

found Defendant guilty of a conspiracy involving "50 grams or more" of methamphetamine and "5 kilograms or more of cocaine." (Doc. 82 at 1). The jury also found that the conduct charged in Count Four specifically involved "50 grams or more" of methamphetamine and "500 grams or more" of cocaine. (*Id*. at 2–3). The quantities found by the jury did not include an upper "limit" or a specific range of quantities, nor did the amount determined by the judge improperly convict Defendant of a greater offense in violation of his right to trial by jury. The court's findings with respect to quantity were not improper. Therefore, Defendant's suggested basis for an objection would have been meritless, and counsel was not constitutionally ineffective for his failure to make this objection.

Ground Seven

Defendant's seventh ground for relief posits he was improperly convicted via general jury verdict for multiple drug types. Defendant's claim is factually inaccurate. As referenced previously, the jury made specific findings with respect to both drug type and drug quantity. (*See* doc. 82). Defendant's claim is thus procedurally barred and without merit, as counsel cannot be deemed constitutionally ineffective for his failure to raise this meritless claim.

Ground Eight

As his eighth ground for relief, Defendant claims that he was denied the right to a fair trial based on the arguments raised previously herein. The court construes this claim as one of "cumulative error."

The cumulative effect of several errors that are harmless by themselves could so prejudice a defendant's right to a fair trial that a new trial might be necessary even if the errors considered individually are non-reversible. *See, e.g.*, *U.S. v. Ramirez*,

426 F.3d 1344, 1353 (11th Cir. 2005);  *United State v. Preciado-Cordobas*, 981 F.2d 1206, 1215 n.8 (11th Cir. 1993)(citing *United States v. Pearson*, 746 F.2d 787, 796 (11th Cir. 1984));  *United States v. Adams*, 74 F.3d 1093,1099 (11th Cir. 1996); *United States v. Thomas*, 62 F.3d 1332, 1343 (11th Cir. 1995).   However, "[a] defendant is entitled to a fair trial not a perfect one."  *Ramirez*, 426 F.3d at 1353 (*quoting United States v. Adams*, 74 F.3d 1093, 1099– 1100 (11th Cir. 1996) (*citing Lutwak v. United States*, 344 U.S. 604, 619, 73 S. Ct. 481, 490, 97 L. Ed. 593 (1953))).   The cumulative error doctrine is inapplicable where the district court commits no individual errors.  *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004); *United States v. Barshov*, 733 F.2d 842, 852 (11th Cir. 1984) ("Without harmful errors, there can be no cumulative effect compelling reversal."); *Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987) (noting that increasing the number of non-meritorious claims raised will not support a finding of cumulative error because "Twenty times zero equals zero.").   The Supreme Court has not recognized the cumulative error doctrine in the context of ineffective assistance of counsel claims.[5]  However, in the absence of any error, there can be no cumulative error.  *See United States v. Hall*, 455 F.3d 508, 520 (5th Cir.2006); *see also Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir.1993) (stating that because certain alleged errors did not rise to constitutionally ineffective assistance of counsel, and because certain other claims were meritless, a petitioner had "presented nothing to cumulate").   The

---

[5] The Eleventh Circuit has noted "the absence of Supreme Court precedent applying cumulative error doctrine to claims of ineffective assistance of counsel."  *Forrest v. Fla. Dep't of Corr.*, 342 F. App'x 560, 565 (11th  Cir. 2009).  The court cautioned that the Supreme Court has held that "there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt."  *Id.* (quoting *United States v. Cronic*, 466 U.S. 648, 659 n.26, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)).

undersigned reaffirms the conclusions in the previous sections that none of the grounds for relief have merit, even in the context of a cumulative error analysis. Defendant has not established that he was denied a fair trial, and he is not entitled to relief.

Ground Nine

Defendant's final substantive ground for relief is that he was tried in violation of his right to an impartial jury. This claim, like Defendant's other claims, is both procedurally barred due to Defendant's failure to raise it on appeal and unsubstantiated. In support of this claim, Defendant asserts only that he had an all-white jury, with no members of Hispanic background, and that there were several "ex-government workers" on the jury. (Doc. 279 at 20–21). These facts alone are insufficient to establish that Defendant's jury was not fair and impartial. In an attempt to fully understand the basis for this claim, the undersigned has reviewed the transcript of the jury selection proceeding. Nothing on that record bolsters Defendant's assertion of any unfairness in the jury selection process. Defendant's conclusory assertion about the racial composition of the petit jury that convicted him does not establish that counsel was constitutionally ineffective for his failure to raise this issue. Defendant is not entitled to relief on this ground.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit. Accordingly, no evidentiary hearing is warranted. The motion should be denied in its entirety.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The third amended motion to vacate, set aside, or correct sentence (doc. 278) be **DENIED**.

2. A certificate of appealability be **DENIED**.

Case Nos.: 3:07cr135/RV/CJK; 3:12cv186/RV/CJK

At Pensacola, Florida, this 12th day of March, 2015.


*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.: 3:07cr135/RV/CJK; 3:12cv186/RV/CJK